Mark Williams, Esq.
LAW OFFICES OF MARK E. WILLIAMS, P.C.
First Floor, Suite 100
T.S. Tanaka Bldg., Rt. 4
Hagåtña, Guam 96910
Telephone: 477-6298
Facsimile: 472-6297
Attorneys for Plaintiff



FILED
DISTRICT COURT OF GUAM
MAR 25 2005
MARY L.M. MORAN
CLERK OF COURT



IN THE U.S. DISTRICT COURT
OF GUAM

NOREEN J. NAPUTI,

           Plaintiff,

vs.

DEPARTMENT OF THE NAVY;
UNITED STATES OF AMERICA;
JOHN DOE INSURANCE CARRIER
TO BE NAMED AFTER DISCOVERY;
and DOES 1-10, Inclusive,

           Defendant.

CIVIL CASE NO. 05-00011

COMPLAINT FOR DAMAGES
FOR NEGLIGENCE PURSUANT
TO THE FEDERAL TORT
CLAIMS ACT;
PREMISES LIABILITY
(NEGLIGENCE);

## NATURE OF THE ACTION

This is an action for negligence under The Federal Tort Claims Act for damages to property and personal bodily injuries.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1346(b) and 2671, *et. seq.*

2.    The acts and/or omissions complained of herein occurred within this judicial district, specifically, Naval Exchange Mini Mart, Apra Heights, Guam.

3.    Before this action was instituted, the claims set forth herein were timely presented to the Department of the Navy on or about June 1, 2004 based on the allegations herein in the amount of $13,434.18. By December 1, 2004, six months after

ORIGINAL

submission of the claim, the agency had neither accepted nor rejected such claims and, pursuant to 28 USCA § 2675(a), Plaintiff considers such failure to act as a final denial of the claim. Therefore, Plaintiff has exhausted all administrative remedies and timely filed this Complaint.

## PARTIES

4.  At all times mentioned herein, Plaintiff was and is a resident of Guam.

5.  At all times mentioned herein, persons identified herein as employees or agents of Defendants DEPARTMENT OF THE NAVY and UNITED STATES OF AMERICA (hereinafter "NAVY" and "USA"), were acting for and at the direction of Defendants NAVY and USA, and within the course and scope of such employment or agency. As such, Defendants NAVY and USA are fully liable for all the acts of their employees under the doctrine of Respondeat Superior.

6.  Plaintiff believes and therefore alleges that Defendant JOHN DOE INSURANCE CARRIER, a corporation doing business in Guam, issued or subscribed to one or more primary or excess liability insurance policies, or both, providing insurance covering some or all of Plaintiff's claims.

7.  Certain Defendants are sued herein as DOE Defendants because their identities are not yet known. If and when such identities become known, Plaintiff will name any such Defendants in the place and staid of said DOE Defendants.

8.  Plaintiff is informed and believes and thereupon alleges, that each of said Defendants, including the Doe Defendants, and their employees are jointly and severally liable as the principal, officer, agent, master, servant, employer, employee and

2

partner of each of the other Defendants and was in doing the acts complained of herein, acting within the scope of his, her or its said agency, employment or partnership.

9. Certain Defendants are sued herein as DOE Defendants because their identities are not yet known. If and when such identities become known, Plaintiff will name any such Defendants in the place and staid of said DOE Defendants.

## PLAINTIFF'S CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANTS NAVY and USA and DOES 1-10, Inclusive

10. Plaintiff repeats and reallege each and every previous paragraph of this Complaint as though fully set forth here at length.

11. At all times mentioned herein, Defendants owned operated, controlled, managed and maintained the premises known as Navy Exchange Mini-Mart, Apra Heights, Guam (hereinafter, "the premises").

12. Defendants invited persons, including the Plaintiff, to enter the premises and to access, utilize and patronize the facilities and purchase products on the premises of the Defendants, and were and are responsible for the maintenance and safety of said Premises.

13. On or about April 3, 2003, while Plaintiff was on the premises for the purpose of accessing, patronizing and utilizing Defendants' facilities and purchasing Defendant's products, suddenly and without warning, Plaintiff slipped into an unmarked hole on the ground surface located on the premises and fell violently to the ground,

causing Plaintiff to sustain serious injuries and damages as described further herein.

14. Defendants, as owners and operators of the premises, negligently:

   a. Failed to maintain the premises in a reasonably safe condition;

   b. Allowed a hole to remain on the ground surface of the premises when Defendants knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to patrons, including the Plaintiff;

   c. Failed to warn Plaintiff of the danger presented by the presence of the unreasonably unsafe condition on the ground surface of the premises;

   d. Failed to remedy or repair the ground surface of the premises; and

   e. Failed to otherwise exercise due care with respect to the matters alleged in this complaint.

15. As a direct and proximate result of the negligence of Defendants as set forth above, Plaintiff slipped and fell while on the premises.

16. As a further direct and proximate result of the negligence of Defendants as set forth above, Plaintiff sustained severe personal bodily injury and property damages in the accident.

17. As a further direct and proximate result of the negligence of Defendants as set forth above, Plaintiff was and is forced to endure severe pain and suffering, loss of enjoyment of life, mental and emotional injury and distress, lost earnings and medical treatments and expenses.

18. As a further direct and proximate result of the negligence of Defendants

as set forth above, Plaintiff may require future medical treatments and expenses with the attendant pain and suffering, loss of enjoyment of life, mental and emotional injury and distress, and lost earnings.

19.     Based on the above, Plaintiff has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION FOR DIRECT ACTION (NEGLIGENCE) AGAINST DEFENDANT JOHN DOE INSURANCE CARRIER

20.     Plaintiff repeats and realleges each and every previous paragraph of this Complaint as though fully set forth here at length.

21.     At all times herein relevant, Certain Defendants sued herein as DOE Defendants, were and are insured by a liability insurance policy issued by Defendant JOHN DOE INSURANCE CARRIER, covering liability for the actions set forth herein.

22.     Pursuant to the coverage contained in the policy which Defendant JOHN DOE INSURANCE CARRIER issued to certain Defendants sued herein as DOE Defendants, and pursuant to 22 GCA §18305, Plaintiff is entitled to maintain a direct action against Defendant JOHN DOE INSURANCE CARRIER, upon the terms and limits of the policy, and therefore, Plaintiff is entitled to recover against Defendant JOHN DOE INSURANCE CARRIER in an amount equal to any judgment recovered against certain Defendants sued herein as DOE Defendants, up to the limits of the policy.

## PRAYER

WHEREFORE, Plaintiff prays for relief against the Defendants, and each of them, as follows:

1. For damages in the amount to be proven at trial;

2. For costs of suit, attorney fees, and pre-judgment interest as applicable;

3. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: 3/22/05

LAW OFFICES OF MARK WILLIAMS, P.C.

BY: _____
MARK WILLIAMS, ESQ.
Attorneys for Plaintiff